IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

                                                Case No. 06-31323

ANNEDA (NMN) SHEPHERD

               Debtor


## MEMORANDUM ON DEBTOR'S MOTION
## FOR RECONSIDERATION OF NOVEMBER 3, 2006 ORDER

**APPEARANCES:**    ALAN C. LEE, ESQ.
                             Post Office Box 1357
                             Morristown, Tennessee 37816-1357
                             Attorney for Debtor

                             WILSON & ASSOCIATES, P.L.L.C.
                             Timothy F. Frost, Esq.
                             Aaron Squyres, Esq.
                             109 Northshore Drive, Suite 302
                             Knoxville, Tennessee 37919
                             Attorneys for EMC Mortgage Corporation

                             GWENDOLYN M. KERNEY, ESQ.
                             Post Office Box 228
                             Knoxville, Tennessee 37901-0227
                             Chapter 13 Trustee


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Motion for Reconsideration of Order Sustaining Objection to Confirmation Filed by EMC Mortgage Corporation (Motion for Reconsideration) filed by the Debtor on November 13, 2006, asking the court "pursuant to Rule 9024 of the Rules of Bankruptcy Procedure, and Rule 60 of the Federal Rules of Civil Procedure for reconsideration of the Order sustaining the Objection to Confirmation of Chapter 13 Plan filed by EMC Mortgage Corporation entered in this case on November 3, 2006." The November 3, 2006 Order resolved the issue of "whether 11 U.S.C. § 101(13A)(A), as added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 [BAPCPA], effective on October 17, 2005, prohibits a debtor, pursuant to 11 U.S.C. § 1322(b)(2), from modifying a secured claim that is secured only by a security interest in a mobile home that is the debtor's principal place of residence and which is located on real property in which the debtor has no ownership interest and/or against which the creditor has no perfected lien." In its Memorandum on Objection to Confirmation of Chapter 13 Plan filed on November 3, 2006, the court found that it does. Arguing in her Motion for Reconsideration that "the language of BAPCPA was finalized after many years (beginning in 1997) of being introduced in various forms and content in both the House and Senate," the Debtor asks the court to "consider the complete history of the addition to the Bankruptcy Code, as set forth in the Congressional Record, of the final language of § 101(13A) and, more importantly, the rejection of language intended to make the change to § 1322(b)(2) that EMC Mortgage is asking this Court to add to § 101(13A)."

The Debtor makes a single citation to Rule 9024 of the Federal Rules of Bankruptcy Procedure, which provides that Rule 60 of the Federal Rules of Civil Procedure applies in

bankruptcy cases.[1] Rule 60 provides, in material part, that a court may grant relief from an order or judgment for one of the following reasons: (1) clerical mistake; (2) mistake, inadvertence, surprise, or excusable neglect; (3) newly discovered evidence; (4) fraud, misrepresentation, or misconduct; (5) the judgment is void; (6) the judgment has been released or discharged or is based upon a reversed judgment; or (7) any reason justifying relief.  *See* FED. R. CIV. P. 60.

Despite the various subsections of Rule 60 upon which relief may be grounded, the Debtor does not specify any subsection of the Rule in support of her request for relief from the November 3, 2006 Order, nor did she file a brief in support of the Motion for Reconsideration which might give the court some insight as to the subsections upon which she relies.  Furthermore, a thorough reading of the Motion for Reconsideration does not provide the court with sufficient information to ascertain under what subsection she requests relief, and the court will not speculate as to the Debtor's alleged basis for relief or the authority therefor.

The Motion for Reconsideration sets forth several examples of legislative history concerning revisions to the Bankruptcy Code, beginning in 1997 and continuing up until the passage of

---

[1] Generally, Rule 60, and, specifically, Rule 60(b), has application when a party seeks relief from a "final judgment, order, or proceeding," *i.e.*, a judgment or order that is nonappealable.  *See, e.g., Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991) ("Rule 60(b) applies only to final judgments.").  However, in a bankruptcy case, Rule 8002(b) of the Federal Rules of Bankruptcy Procedure provides, *inter alia*, that a motion filed under Rule 9024 (Rule 60), if filed "no later than 10 days after entry of judgment," will stay the 10-day appeal time fixed by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure.  Accordingly, assuming the November 3, 2006 Order sustaining EMC Mortgage Corporation's Objection to Confirmation and denying confirmation of the Debtor's Chapter 13 Plan filed on June 20, 2006, but which also provides the Debtor with an opportunity to file a modified plan, constitutes a final appealable order rather than an interlocutory order, the Debtor's Motion for Reconsideration is timely.

BAPCPA in 2005, arguing that this history evidences that Congress intended for § 1322(b)(2) to apply only to debts secured by real estate. Without making a determination as to the merits of the Motion for Reconsideration, the court will reiterate that legislative history is but one of the canons of statutory interpretation that a court must rely upon when an inquiry beyond the text of the statute is required, and that in making its determination with respect to the Objection to Confirmation filed by EMC Mortgage Corporation, the court focused primarily upon those canons concerning the inherent conflict of two statutes that are otherwise clear on their face, finding that

> An attempt to read these statutes in concert provides the following absurd result:
>
>> [T]he plan may— . . . modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's *residential structure, [such as] . . . a mobile . . . home, . . . [which] include[s] incidental property, without regard to whether that structure is attached to real property*[.]
>
> 11 U.S.C. § 1322(b)(2), incorporating in italics 11 U.S.C. § 101(13A)(A), (B).

MEM. OP. at 8-9. There is no legislative history that the court has found, including that provided by the Debtor in her Motion for Reconsideration, that explains the fact that these statutes cannot be read in concert, and "when two statutes conflict with one another, and one of them 'deals with the subject matter in a general way and the other in a specific way, the more specific provision prevails[; similarly,] . . . when 'two statutes are irreconcilable, the later enactment prevails.'" MEM. OP. at 7-8 (quoting *Son v. Coal Equity, Inc.*, 122 Fed. Appx. 797, 800 (6th Cir. 2004) (citation omitted)).

Because the Debtor did not expressly set forth the subsection of Rule 60 under which she grounds the Motion for Reconsideration, and because the grounds relied upon are not evident from

the contents thereof, the court is unable to review and analyze the merits of the Motion for Reconsideration. The same will accordingly be denied.

FILED: November 17, 2006

> BY THE COURT
>
> */s/ RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE